# UNITED STATES DISTRICT COURT
## for the
### District of Connecticut

FEB 8 2024 PM2:08
FILED-USDC-CT-NEW HAVEN

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )      Case No. 3:24-MJ- 118 (MEG)
a Residence Located at 74 West 4th Street, Apartment )
29B, in Derby, Connecticut, as Further Described in )
Attachment A-2 )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, which is attached hereto and incorporated herein.

located in the _____ District of _____Connecticut_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2), (b)(1) | Receipt of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | Access with Intent to View and Possession of Child Pornography |

The application is based on these facts:
See the attached affidavit, which is incorporated herein, of Federal Bureau of Investigation (FBI) Special Agent Jenny Konecnik.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*
Konecnik
Jenny Koneznik, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 02/08/2024

_____
*Judge's signature*

City and state: New Haven, Connecticut      Honorable Maria E. Garcia, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A-2

### Property to be Searched

The property to be searched is 74 West 4th Street, Apartment 29B, in Derby, Connecticut (the **SUBJECT PREMISES**), further described as a two-story brick apartment complex containing multiple units. The subject of the search is Apartment 29B.



## ATTACHMENT B

### Items to be Seized

All property, records, and information, in any format, that constitute fruits, evidence, and instrumentalities of violations of 18 U.S.C. 2252A(a)(2) (receiving child pornography) and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession and access with intent to view child pornography) (the **TARGET OFFENSES**) and involve **MICHAEL SZWARC** since September 1, 2022, including:

1. Child pornography, as defined in 18 U.S.C. § 2256(8);

2. Child erotica;

3. Computers or storage media capable of being used as a means to commit the violations described above;

4. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs, including storage, and chat applications;

5. In any format or media, all originals, copies and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

6. Any and all notes, documents, records, correspondence, and materials, in any format and media (including, but not limited to, letters, e-mail, chat logs and electronic messages), pertaining to the possession or, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8) or to the possession, receipt, or distribution of visual depictions

of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);

7. Any and all names, addresses, contact information or lists of names, addresses or contact information, in any format and medium, of those who may have been contacted by computer or other means for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);

8. Any and all notes, documents, records, or correspondence, in any format or medium, concerning communications about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography;

9. Any and all notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make child pornography accessible to members;

10. Any and all records, documents, invoices and materials, in any format or medium that concern any accounts with an Internet Service Provider;

11. Any and all records, documents, invoices and materials, in any format or medium that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user

logins and passwords for such online storage or remote computer storage;

12. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which are stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

e. evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

13. Routers, modems, and network equipment used to connect computers to

the Internet.

14. Records, information, and items relating to violations of the statutes described above including:

    a. Records, information, and items relating to the occupancy or ownership of the 74 West 4th Street, Apartment 29B, in Derby, Connecticut, including utility and telephone bills, mail envelopes, or addressed correspondence;

    b. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

    c. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;

    d. Records and information relating to sexual exploitation of children, including correspondence and communications between users of child pornography and exploitation websites.

As used above, the terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

During the execution of the search of the locations described in Attachment A-1 and Attachment A-2, law enforcement personnel are also specifically authorized to compel **MICHAEL SZWARC** to provide biometric features, including pressing fingers (including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:

- any of the devices found upon the person of **MICHAEL SZWARC** or at the **SUBJECT PREMISES**, and
- where the devices are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the devices' security features in order to search the contents as authorized by this warrant.

Page 6 of 7

This warrant does not authorize law enforcement personnel to compel any other individuals found at the **SUBJECT PREMISES** to provide biometric features, as described in the preceding paragraph, to access or otherwise unlock any device. Further, this warrant does not authorize law enforcement personnel to request that **SZWARC** state or otherwise provide the password or any other means that may be used to unlock or access the devices, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the devices.